**GREENBERG TRAURIG, LLP**
ATTORNEYS AT LAW
SUITE 800
2375 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016
(602) 445-8000

Andrew F. Halaby, SBN 017251; Andy.Halaby@gtlaw.com
Charles E. Markle, SBN 032930; marklec@gtlaw.com
Shalayne L. Pillar, SBN 034066; Shalayne.Pillar@gtlaw.com
*Attorneys for Defendant Isagenix International, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jay Bennett, an individual, Siv Bennett, an individual, Kesha Marketing, Inc., a Nevada S-Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Isagenix International, LLC, an Arizona Limited Liability Corporation,<br><br>Defendant. | Case No. 2:23-cv-01061-DGC<br><br>**DEFENDANT'S MOTION FOR LEAVE TO FILE ITS UNREDACTED RESPONSE IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER, THE HERSHBERGER DECLARATION, THE READETTE DECLARATION, AND CERTAIN EXHIBITS UNDER SEAL** |

Defendant Isagenix International, LLC ("Isagenix") moves under Local Rule 5.6 for leave to file under seal its unredacted Response in Opposition to Plaintiffs' Application for Temporary Restraining Order ("Response"), the unredacted Declaration of Cassy Readette and Exhibits G, H, and I thereto, and the unredacted Declaration of Amy Hershberger and Exhibit A thereto.

Pursuant to L.R. 5.6(d), Isagenix's counsel certifies that Plaintiffs' counsel was contacted regarding this Motion and Plaintiffs' counsel had no objection to the filing of the settlement agreement in question, and related materials falling within the purview of that agreement's confidentiality clause, under seal.

## I. LEGAL STANDARD

Two standards generally govern motions to seal documents: compelling reasons or good cause. The applicable standard depends on whether the records are "more than tangentially related to the merits of the case." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Where a document is only tangentially related to the merits of the case, courts apply the "good cause" standard; where a document pertains to the merits of a case, courts apply the "compelling reasons" standard. *Id.*

There are compelling reasons to seal the identified information here, and thus the motion to seal should be granted.

## II. THE SETTLEMENT AGREEMENT AND RELATED MATERIALS SHOULD BE SEALED.

Isagenix supports its Response with a settlement agreement from another lawsuit ("Agreement"), and certain documents associated with that litigation, to which Isagenix, Jay Bennett, and Siv Bennett, among others, were parties. Under the terms of the Agreement, the parties to that Agreement are required to, among other things, keep the Agreements and its contents, as well as all facts, circumstances, and allegations underlying the dispute confidential. Agreement, Readette Decl., Ex. H at ¶ 6.

Isagenix believes compelling reasons exist to seal based on the terms of the Agreement. *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) ("[C]ourts have granted protective orders to protect confidential settlement agreements."); *Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 U.S. Dist. LEXIS 120627, at *17-18 (D. Ariz. Oct. 17, 2011) (permitting filing of "confidential settlement agreements" under seal). The Agreement, and related documents, demonstrate not only Plaintiffs' knowledge of the Policies and Procedures, but that they are binding on Isagenix Associates in all aspects of their work with the company. This information directly contradicts Plaintiffs' assertions to the contrary, which is the foundation upon which Plaintiffs' entire action proceeds. However, Isagenix acknowledges that some of the "facts, circumstances, and allegations underlying the [previous] dispute"

leading to the Agreement are public record. Due to the broad definition of what must remain confidential under the Agreement, and out of an abundance of caution, Isagenix seeks to seal certain Exhibits (Readette Decl., Exs. G, H and I; Hershberger Decl. Ex. A), despite some of their availability (if one was to search for them) as public records, because Isagenix is obliged to abide by the Agreement and preserve confidentiality, unless the Court rules otherwise.

Therefore, Isagenix seeks leave to file under seal:

- Unredacted Response revealing content relating to the Agreement.
- Unredacted Declaration of Amy Hershberger.
- Unredacted Exhibit A to the Declaration of Amy Hershberger.
- Unredacted Declaration of Cassy Readette.
- Unredacted Exhibits G, H and I to the Declaration of Cassy Readette.

Isagenix has redacted its Response, the Declaration of Amy Hershberger (including Exhibit A), and the Declaration of Cassy Readette (including Exhibits G, H and I), so as to permit filing of non-confidential information in the public record to the extent possible.

A proposed form of order is attached and lodged contemporaneously herewith.

DATED this 16th day of June, 2023.

GREENBERG TRAURIG, LLP

By: /s/ Andrew F. Halaby
    Andrew F. Halaby
    Charles E. Markle
    Shalayne L. Pillar
    *Attorneys for Defendant Isagenix International, LLC*
